http://www.va.gov/vetapp16/Files6/1644931.txt

Citation Nr: 1644931 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 10-41 457 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Providence, Rhode Island

THE ISSUES

1. Entitlement to an initial disability rating greater than 30 percent prior to April 10, 2014, and an initial disability rating greater than 70 percent from that date, for posttraumatic stress disorder (PTSD). 

2. Entitlement to an effective date prior to April 10, 2014, for the award of a 70 percent initial disability rating for PTSD. 

3. Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU), prior to April 10, 2014.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

R. Drummer

INTRODUCTION

The Veteran served on active duty in the U.S. Marine Corps during the Vietnam Era from June 1966 to June 1970.

These matters come to the Board of Veterans' Appeals (Board) on appeal from rating decisions issued by the Agency of Original Jurisdiction (AOJ). Specifically, an April 2010 rating decision issued by the Department of Veteran Affairs (VA) Regional Office (RO) in Providence, Rhode Island, granted the Veteran entitlement to service connection for PTSD, rated 30 percent, effective March 8, 2010 (date of claim). The Veteran disagreed with the initial disability rating assigned, but not the effective date.

In March 2014, the Board remanded the Veteran's claim for an increased initial disability rating for his service-connected PTSD for additional development. As a result of that additional development, in August 2014, the Veteran was issued a rating decision that increased the initial disability rating for his service-connected PTSD to 70 percent, effective April 10, 2014 (date of VA examination). In an August 2014 notice of disagreement, the Veteran disagreed with the effective date assigned for the increased 70 percent initial disability rating for his service-connected PTSD. A claim for an effective date prior to April 10, 2014, for the award of a 70 percent initial disability rating for PTSD, has been separately appealed to the Board. See April 2015 Statement of the Case; May 2015 VA Form 9, substantive appeal. However, the issue of entitlement to an increased initial disability rating for PTSD also remains on appeal before the Board. As the initial disability ratings assigned for the Veteran's service-connected PTSD are less than the maximum under the applicable criteria (and he has not expressed satisfaction with the increased initial disability rating), the increased initial disability rating issue has been characterized to reflect that "staged" ratings are assigned, and that both remain on appeal. AB v. Brown, 6 Vet. App. 35 (1993).

In September 2014, the Veteran filed a VA Form 21-8940, Veteran's Application for Increased Compensation Based on Unemployability. A November 2014 rating decision, in pertinent part, granted the Veteran a TDIU rating, effective September 8, 2014 (date of claim); it also continued the 70 percent initial disability rating assigned for the Veteran's service-connected PTSD, effective April 10, 2014

In February 2015, a hearing was held before a Decision Review Officer (DRO) at the RO, to address the matters of entitlement to an effective date prior to April 10, 2014, for the award of a 70 percent initial disability rating for the Veteran's service-connected PTSD, and entitlement to an effective date prior to September 8, 2014, for the award of a TDIU rating. A transcript of this hearing is associated with the Veteran's claims file. 

In an April 2015 rating decision, the Veteran was granted an earlier effective date of April 10, 2014, for the award of his TDIU rating. As the Veteran continues to disagree with the effective date assigned for his TDIU rating, this matter is also on appeal before the Board. See Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009) (holding that a request for TDIU, whether expressly raised by a Veteran or reasonably raised by the record, is not a separate "claim" for benefits, but rather is part of a claim for increased compensation). 

The issues of entitlement to an initial disability rating greater than 30 percent prior to April 10, 2014, and an initial disability rating greater than 70 percent from that date, for PTSD; and entitlement to a TDIU rating prior to April 10, 2014, are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ. 

FINDING OF FACT

The Veteran's claim for an effective date prior to April 10, 2014, for the award of a 70 percent initial disability rating for PTSD, is encompassed by his pending claim for an initial disability rating greater than 30 percent prior to April 10, 2014, and an initial disability rating greater than 70 percent from that date, for his service-connected PTSD; therefore, there is no remaining case or controversy in the matter of the effective date for the award of an increased initial disability rating for PTSD.

CONCLUSION OF LAW

The claim for entitlement to an effective date prior to April 10, 2014, for the award of a 70 percent initial disability rating for PTSD, is dismissed as moot. 38 U.S.C.A. §§ 7104, 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 19.4, 20.101, 20.202, 20.2014 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has jurisdiction where there is a question of law or fact on appeal to the Secretary. 38 U.S.C.A. § 7104; 38 C.F.R. § 20.101. 

As was explained in the Introduction, the Veteran's service-connected PTSD is currently assigned "staged" initial disability ratings of 30 percent prior to April 10, 2014, and 70 percent from that date. Although he has separately appealed and perfected a claim for entitlement to an effective date prior to April 10, 2014, for the award of a 70 percent initial disability rating for PTSD (see May 2015 VA Form 9, substantive appeal), such a claim is already encompassed by his appeal seeking initial disability ratings in excess of those currently assigned. Notably, in this instance, it is more favorable for the Veteran to pursue an increased initial disability claim versus an earlier effective date claim; therefore, he is not prejudiced by the re-characterization of his claim as one for higher initial disability "staged" ratings. 

Based on the foregoing, the Board finds that there is no remaining case or controversy pertaining to the Veteran's claim for entitlement to an effective date prior to April 10, 2014, for the award of a 70 percent initial disability rating for PTSD. Accordingly, the appeal will be dismissed as moot.

ORDER

The appeal seeking an effective date prior to April 10, 2014, for the award of a 70 percent initial disability rating for PTSD, is dismissed.

REMAND

The Veteran is currently in receipt of a TDIU rating, effective from April 10, 2014. It is his contention that he warrants a TDIU rating prior to that date. Notably, the Veteran has a pending claim for an increased initial disability rating for PTSD, and the United States Court of Appeals for Veterans Claims (Court) has held that a claim for a TDIU rating is an element of all claims for a higher initial rating. Rice v. Shinseki, 22 Vet. App. 447 (2009). In a May 2015 VA Form 9, substantive appeal, the Veteran requested a hearing before the Board in conjunction with his claim for a TDIU rating prior to April 10, 2014. Because the Board may not proceed with an adjudication of the Veteran's claim without affording him the opportunity for such a hearing, and because videoconference hearings are scheduled by the RO, a remand is required. See 38 U.S.C.A. § 7107(b); 3 C.F.R. § 20.700(a).

Regarding the matter of the initial disability ratings to be assigned for the Veteran's service-connected PTSD, this matter is inextricably intertwined with the appeal seeking entitlement to a TDIU rating prior to April 10, 2014; hence, consideration of whether the Veteran is entitled to an initial disability rating greater than 30 percent prior to April 10, 2014, and an initial disability rating greater than 70 percent from that date, for PTSD, must be deferred pending resolution of that matter. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (where a claim is inextricably intertwined with another claim, the claims must be adjudicated together). 

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for a videoconference hearing before the Board. Provide him and his representative with proper notice of the hearing date, time, and location and associate a copy of the notification with the claims file.

2. After the videoconference hearing is conducted, return the case to the Board for further review. Also return the case to the Board for further review, if the Veteran withdraws his hearing request or fails to report for the scheduled hearing.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
A. ISHIZAWAR
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs